UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 18-25163-CIV-MORENO

JOEL FROST and ANA FROST,

    Plaintiffs,

vs.

GEOVERA SPECIALTY INSURANCE COMPANY,

    Defendant.
_____/

## ORDER DENYING DEFENDANT GEOVERA'S MOTION TO ABATE LITIGATION AND COMPEL APPRAISAL

THIS CAUSE came before the Court upon Defendant's Motion to Abate Litigation and Compel Appraisal **(D.E. 7)**, filed on **January 3, 2019**. THE COURT has considered the motion, the response, the pertinent portions of the record, and being fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED. As Plaintiffs Joel and Ana Frost argue in their response, Defendant Geovera cannot invoke appraisal at this time, as there is a bona fide dispute regarding coverage under the applicable insurance contract.[1] "[C]ausation is a coverage question for the court when an insurer wholly denies that there is a covered loss and an amount-of-loss question for the appraisal panel when an insurer admits that there is covered loss, the amount of which is disputed." *Johnson v. Nationwide Mut. Ins. Co.*, 828 So. 2d 1021, 1022 (Fla. 2002). Relying on *Johnson*, the Florida Fourth District Court of Appeal explained: "coverage issues must be resolved before an appraisal of the amount of a loss is ordered. Issues of coverage are 'for

---

[1] In the insurance contract, there is an appraisal clause that states, in relevant part: "If there is an appraisal: a. You and we agree that any suit for or involving a disagreement in the amount of loss claimed under this policy shall be abated on the demand for appraisal by either you or us until after an appraisal award is issued." (D.E. 7, Ex. B. at 55).

judicial determination by a court,' not the appraisal panel. Once the court establishes that the losses are covered by a policy, then those losses may be appraised." *Sunshine State Ins. Co. v. Corridori*, 28 So. 3d 129, 131 (Fla. 4th DCA 2010) (quoting *Johnson*, 828 So. 2d at 1025-26).

Here, Plaintiffs are claiming, in their amended complaint, that Defendant did not provide coverage "for the full amount of the claim" under the insurance policy. (D.E. 22 at ¶ 8 ). Later in their response to the motion to compel appraisal, Plaintiffs clarify that the precise issue in this case is, in fact, one of coverage. They allege that Defendant is only providing coverage to certain areas of the home, while there are "[p]resently . . . an additional eleven rooms listed on Plaintiff's [sic] estimate with damages related to the subject loss, which are not included or accounted for in Defendant's coverage determination." (D.E. 9 at 4). Exhibit A to the response to the motion to compel supports Plaintiffs' arguments. That exhibit contains a letter, dated November 21, 2017, from Defendant's Claims Supervisor to the Plaintiffs, explaining that "based on the circumstances of your loss it has been determined that your policy will only respond to *a portion* of your claim." (D.E. 9, Ex. A at 7) (emphasis added). The letter goes on to note that Defendant will only cover losses to the "kitchen, dining room, living room, hallway and guest bathroom." (D.E. 9, Ex. A at 10). Exhibit B, which contains Plaintiffs' estimate for damages, lists numerous other rooms and affected areas for which the insurance company refused to provide coverage in its letter, including master bedroom, linen closet, shower, vanity area/room, bedroom 1, and more.

While Plaintiffs believe that no case has ever addressed a situation such as this, where the insurance company and insureds agree to coverage of some of the affected areas but not all, it appears Florida law, which we apply, requires that any issues of coverage first be determined by a court before any appraisal by an appraiser take place. As the Fourth District Court of Appeal wrote, in no unclear terms, "we have held that the trial court must resolve *all* underlying coverage

2

disputes prior to ordering an appraisal." *Citizens Prop. Ins. Corp. v. Demetrescu*, 137 So. 3d 500, 502 (Fla. 4th DCA 2014) (emphasis added). Accordingly, with this in mind, the Court denies Defendant's motion to compel appraisal and orders Defendant to file an amended response to the amended complaint by **May 10, 2019**. Failure to do so may result in the Court entering default.

DONE AND ORDERED in Chambers at Miami, Florida, this 26th of April 2019.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record