UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:18-CV-25163-MORENO/LOUIS

JOEL FROST AND
ANA FROST,

    Plaintiffs,

v.

GEOVERA SPECIALTY INSURANCE
COMPANY

    Defendant.

_____/

**ORDER**

**THIS CAUSE** comes before the Court pursuant to Plaintiffs' Motion for Entitlement to Fees (ECF No. 36). This matter has been referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable Federico A. Moreno, United States District Judge (ECF No. 37). Defendant failed to respond to the Motion despite the Court ordering it to respond by a date certain and warning that failure to do so would result in sanctions including an order granting the Motion by default (ECF No. 38).

Despite Defendant's failure to respond, Plaintiffs' Motion will not be granted by default. Plaintiffs' Motion requests the Court to declare that they are entitled to attorneys' fees pursuant to Fla. Stat. § 626.9373 *if* the Court enforces an appraisal award. (ECF No. 36 at 5). Because the record does not reflect that any such award has been issued, Plaintiffs' Motion is at best premature, and thus DENIED.

1

The statute on which Plaintiffs rely states in relevant part:

> Upon the rendition of a judgment or decree by any court of this state against a surplus lines insurer in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer on or after the effective date of this act, the trial court … shall adjudge or decree against the insurer in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the lawsuit for which recovery is awarded.

Fla. Stat. Ann. § 626.9373 (West). Absent from Plaintiffs' Motion is any indication that as of yet, a determination has been made that Defendant failed to provide coverage as required or has made payment that might entitle Plaintiffs to recover attorneys' fees under this statute.[1]

The cases cited by Plaintiffs do not support their Motion in this posture. In *Lewis v. Universal Prop. & Cas. Ins. Co.*, 13 So. 3d 1079, 1083 (Fla. Dist. Ct. App. 2009), for example, it was undisputed that the insurer had paid the claim. Noting that Florida law "squarely holds that payment after suit was filed operates as a confession of judgment entitling the insured to attorney's fees," the court reversed the trial court's denial of the insured's motion for fees, holding that the absence of a court order or judgment was not an impediment to their claim for fees under the statute. Furthermore, the fee statute considered in *Lewis* differs from that on which Plaintiff here relies: the award was there authorized by Section 627.428, Florida Statutes (2008). Similarly, in *Travelers Indem. Ins. Co. of Ill. v. Meadows MRI, LLP*, 900 So. 2d 676, 677 (Fla. Dist. Ct. App. 2005), the court affirmed an award of fees to the insured following confirmation of an appraisal, pursuant to which the insurer was found owing a "significant balance," "which was seasonably paid once determined." *Id*.

Plaintiffs' Motion acknowledges in its final paragraph that no such decree or judgment

---

[1] Nor does the docket reflect the current status of the appraisal process, despite Plaintiffs' court-ordered requirement to do so once every thirty since entry of the Court's Order granting Defendant's Motion for Reconsideration and abating litigation (ECF No. 34).

has been entered in this case. Though Plaintiffs sought an order determining entitlement *in the event* that an appraisal award may later be issued in their favor, the Court will not entertain a motion that is not ripe. As such, Plaintiffs' Motion for Entitlement to Fees is **DENIED**, without prejudice to renew upon issuance of an award or payment by Defendant that may authorize fees under the statute.

However, Plaintiffs' ability to seek affirmative relief from this Court may be frustrated by their apparent status in contempt of this Court's Order, which required them to file a status report with the Court every thirty days, notifying the Court of the status of the appraisal process. To date, not one such report has been filed. Accordingly, by no later than January 2, 2020, Plaintiffs shall file a Status Report with the Court regarding the status of the appraisal process. Failure to do so may result in a recommendation that the case be dismissed pursuant to Fed. R. Civ. P. 41(b).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 19th day of December 2019.

 

LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE